**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-1561-WJM-MEH

JAMES DANIEL TUTEN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

UNITED AIRLINES, INC.,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR CLASS CERTIFICATION, PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, AND NOTICE TO THE CLASS**

---

This matter is before the Court on Plaintiff's Unopposed Motion for Class Certification, Preliminary Approval of Settlement Agreement, and Approval of Notice to the Class ("Motion"). (ECF No. 34.) For the reasons set forth below, the Motion is GRANTED.

## I. CLASS CERTIFICATION

The Motion seeks certification of the following class definition ("Class"):

> (1) all former or current pilots employed by United who were participants in the [Pilots' Directed Account Retirement Income Plan ("PDAP")] between January 1, 2000 and October 31, 2010; and
>
> (2) who were on a Long Term Military Leave that began and ended between January 1, 2000 and October 31, 2010; and
>
> (3) on whose behalf United made defined contribution retirement plan contributions based on the monthly minimum flight hours guaranteed under the pilots' CBA; and

> (4) whose average flight hours during the 12-month period that immediately preceded a period of Long Term Military Leave (or, if shorter than 12 months, the period of employment immediately preceding such period of military leave) exceeded the monthly minimum flight hours guaranteed under the pilots' CBA.
>
> Excluded from the Proposed Settlement Class are all former or current pilots who previously reached settlements with or judgments against United in their individual USERRA claims or actions concerning inadequate retirement plan contributions for periods of military leave.

(ECF No. 34 at 15.)

On the record before it, and given the parties' agreement, the Court finds that all of the requirements of Rule 23(a) have been satisfied. The parties estimate that there are 1,200 pilots in the Class, which is a large enough number that joinder is impracticable. All Class members were subject to the same policy regarding Defendant's contributions to the pension fund, and all took long term military leave. Thus, there are common questions of law and fact. Plaintiff Tuten's claims are typical of the rest of the Class in that he is a United pilot who took long term military leave in 2006, 2009, and 2010. (Compl. ¶ 7.) Finally, there is no basis for the Court to conclude that Plaintiff Tuten and his counsel will be unable to fairly and adequately protect the interests of the Class. In fact, it appears that they have already negotiated a fair settlement for the Class.

In order to certify a class, the parties must show that, in addition to the requirements of Rule 23(a), one of the provisions of Rule 23(b) have been met. The Court finds that certification is appropriate under Rule 23(b)(1)(A) because permitting individual plaintiffs to pursue their own claims could result in United being required to

treat pilots differently, which is forbidden by the laws governing employee benefits.[1] *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (stating that Rule 23(b)(1) applies "where the party is obliged by law to treat the members of the class alike (a utility acting towards customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners)."); *Pender v. Bank of Am.*, 269 F.R.D. 589, 598 (W.D.N.C. 2010) (collecting cases in which employee benefit disputes are certified under Rule 23(b)(1)).

As Plaintiff has satisfied all of the requirements of Rule 23, the Court hereby certifies the Class for settlement purposes as a mandatory, non-opt-out class under Rule 23(b)(1).

## II. CLASS COUNSEL AND CLASS REPRESENTATIVE

Plaintiff also moves for appointment of himself as class representative and his counsel as class counsel. (ECF No. 34 at 33.) Rule 23(g)(1)(A) states that, in appointing class counsel, the Court must consider the following:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

---

[1] Because the Court has certified the Class under Rule 23(b)(1), it need not discuss whether certification is also appropriate under Rule 23(b)(2) or (3).

Fed. R. Civ. P. 23(g)(1). In addition, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.*

The Court finds that all of these factors weigh in favor of appointing Plaintiff's counsel as class counsel. Counsel has significant experience in class actions, employee benefits cases, and USERRA cases. (ECF Nos. 35-1, 35-2, 35-3, & 35-4.) They have expended significant resources investigating the claims, hiring experts, and negotiating with United to reach the proposed settlement. Thus, the Court hereby appoints Cohen Milstein Sellers & Toll PLLC (specifically attorneys R. Joseph Barton and Peter Romer-Friedman) as Lead Class Counsel for the Class. The following law firms are appointed as additional Class Counsel: Law Office of Thomas G. Jarrard PLLC, 1020 N. Washington Street, Spokane, WA 99201; Crotty & Son, PLLC, 421 W. Riverside Ave., Ste. 1005, Spokane, WA 99201; and Robert W. Mitchell, Attorney at Law, PLLC, 901 N. Monroe, Suite 356, Spokane, WA 99201.

With regard to class representative, the Court has already found that Plaintiff Tuten will fairly and adequately protect the interests of the Class. Plaintiff Tuten provided counsel with information that assisted development of the case, attended the settlement conference telephonically, and has consistently kept informed and updated on the settlement discussion and proposals. (ECF No. 35 ¶ 20.) Plaintiff has stated that he is willing and able to act as a fiduciary for the Class, and there is no contrary evidence. (ECF No. 36 ¶ 9.) There is also no indication that Plaintiff has a conflict with any other Class member. Accordingly, the Court hereby appoints Plaintiff James Tuten as Class Representative.

## III. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The parties move for preliminary approval of the Settlement Agreement (ECF No. 33) that was executed by the parties on August 12, 2013. (ECF No. 34 at 34.) The Court may approve a settlement in a class action only if it finds the settlement to be fair, reasonable, and adequate, which involves consideration of the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated;
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). While the Court will consider these factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well. *See Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006).

The Court finds that these factors weigh in favor of preliminarily approving the settlement. The settlement was negotiated by competent counsel during arms-length negotiations. (ECF No. 33 § III.C & D; ECF No. 35 ¶¶ 3-18.) Serious questions of law exist with regard to the issue of statute of limitations and whether any claims prior to 2008 could be brought under USERRA. *Compare Garner v. Yellow Freight Sys., Inc.*, 19 F. App'x 834, 836 n.2 (10th Cir. 2001) (USERRA claims are barred only by the doctrine of laches); *with Middleton v. City of Chicago*, 578 F.3d 655, 662 (7th Cir. 2009) (applying four-year statute of limitations to USERRA claims). Additionally, the parties

dispute whether United's policy complied with USERRA and, if it did not, the damages to which the Class members may be entitled.  (ECF No. 34 at 28-31.)  As with any class action, litigation in this case would likely be expensive and time-consuming.  Moreover, counsel estimates that the Class's recovery as a result of the Settlement Agreement will likely be equal to or greater than any recovery Plaintiffs may be entitled to after litigation.  (ECF No. 35 ¶ 18.)  The agreed-upon claims administration process has a procedure by which individual class members can challenge their proposed allocation.  (ECF No. 33  § VIII.C.3.d & att. E.)  Finally, the parties have represented that they believe that the settlement is fair and adequate.  (*Id*. § III.E.)

Because the Court has preliminarily found that the proposed Settlement is fair, reasonable, and adequate, it is preliminarily approved.  Specifically, the proposed Plan of Allocation, attached as Exhibit D to the Settlement Agreement, and the Plan for Challenging United's Personnel Data, attached as Exhibit E to the Settlement Agreement, are preliminarily approved.

## IV.  SETTLEMENT ADMINISTRATOR

The parties have asked the Court to appoint KCC as the administrator for the Settlement Agreement.  (ECF No. 34.)  The Court has reviewed the materials submitted and finds that appointment of KCC as administrator is appropriate.  (*See* ECF Nos. 35-8 & 40.)  Accordingly, KCC is appointed as the Settlement Administrator and shall execute the duties set forth in the Settlement Agreement, including Sections IX.A & B.

## V.  NOTICE TO THE CLASS

The parties have submitted a proposed Notice to the Class, which they ask the

Court to approve and to authorize distribution thereof. (ECF No. 34 at 41.) Because the Court has certified the Class under Rule 23(b)(1), there are no specific requirements for the notice. Rather, the Court may direct any appropriate notice to the Class. *See* Fed. R. Civ. P. 23(c)(2).

The Court has reviewed the proposed Notice and has no objections to its content. Accordingly, the Court hereby approves the proposed Notice, attached as Exhibit F to the Motion. (ECF No. 35-6.) The Court further approves the parties' plan for disseminating the Notice with respect to the order of events. The Court has made slight modifications to the time line, as set forth below.

In accordance with that plan, and to the extent these actions have not already been done, Defendant United shall provide the Notices and Materials to the Appropriate State and Federal Officials required by the Class Action Fairness Act, 28 U.S.C. 1715(d) by November 18, 2013, and shall submit a declaration by November 22, 2013 identifying the officials to whom the materials were sent, the date on which the materials were sent. For the purpose of providing such Notices and Materials, the Appropriate State and Federal Officials under CAFA, 28 U.S.C. § 1715(a) & (b), are the Attorney General of the United States and the Attorneys General of the states in which the identified Class Members reside. In light of the terms of the Settlement Agreement, which does not disclose or identify the amount or portion of the damages attributable to Class Members who reside in particular states, the Court finds that it is not feasible to include in the Notices to the Appropriate State and Federal Officials the information described in CAFA, 28 U.S.C. § 1715(b)(7) (A) & (B).

No later than November 22, 2013, Defendant United and the Plan Administrator of United Airlines Pilot Directed Account Plan are hereby authorized to provide and shall provide to the Settlement Administrator, the following contact information for each known Class Member: (1) a street mailing address; (2) telephone number(s); (3) Company e-mail address(es), including email accounts provided by United; (4) PDAP account number(s); (5) Social Security number; (6) an indication whether the Class Member is currently on Long Term Military Leave and, if so, any additional contact information of the types set forth above for the Class Member applicable during the period of Long Term Military Leave.

The Settlement Administrator shall send the Notice, in a form substantially similar to Exhibit F to Plaintiff's Motion for Preliminary Approval by U.S. Mail and e-mail to the members of the Class identified by Defendant United by December 13, 2013. The Settlement Administrator shall submit a declaration to the Court confirming its compliance with the Notice procedures of this Order and the Settlement Agreement by December 18, 2013.

Class Counsel shall file any motion for an award of attorneys' fees or reimbursement of expenses or costs and any motion for a service award for the Class Representative by December 31, 2013.  All objections or comments to the Settlement Agreement must be postmarked no later than February 14, 2014, and addressed to the following address:  United States District Court for the District of Colorado, Attn: Judge William J. Martinez / Comment on United Settlement, 901 19th Street, Denver, Colorado 80294-3589.  All objections or comments must state the name of the Class Member objecting or commenting, the person's address and telephone number, the

name and number of the case, *Tuten v. United Air Lines, Inc.*, No. 1:12-cv-01561, and a brief explanation of the person's reason for objecting or commenting, and must be signed by the person. To the extent that any objections or comments are transmitted to Settlement Administrator, the Settlement Adjudicator, the Parties, or the Parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

All challenges by Class Members to United's data must be postmarked no later than February 14, 2014, and must be mailed directly to the Settlement Adjudicator. The Settlement Adjudicator shall complete all adjudications to challenges to United's data by March 31, 2014. The Settlement Adjudicator shall file a Declaration with the Court confirming its compliance with the adjudication procedures of the Settlement Agreement by April 7, 2014.

Plaintiff shall file his motion for final approval of the Settlement Agreement by April 15, 2014. The Court will hold a fairness hearing on May 16, 2014 at 11:00 a.m. at the United States District Court for the District of Colorado, 901 19th Street, Denver, Colorado 80294-3589, in Courtroom A801.

All challenges to United's data by a Non-Responding ML Class Member, as defined in the Settlement Agreement, must be postmarked no later than 45 days after the Non-Responding ML Class Member returns from military service.

## VI.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Unopposed Motion for Class Certification, Preliminary Approval of Settlement Agreement, and Notice to the Class (ECF No. 34) is GRANTED;

2. The Court CERTIFIES a Class with the following definition:

> (1) all former or current pilots employed by United who were participants in the [Pilots' Directed Account Retirement Income Plan "PDAP"] between January 1, 2000 and October 31, 2010; and
>
> (2) who were on a Long Term Military Leave that began and ended between January 1, 2000 and October 31, 2010; and
>
> (3) on whose behalf United made defined contribution retirement plan contributions based on the monthly minimum flight hours guaranteed under the pilots' CBA; and
>
> (4) whose average flight hours during the 12-month period that immediately preceded a period of Long Term Military Leave (or, if shorter than 12 months, the period of employment immediately preceding such period of military leave) exceeded the monthly minimum flight hours guaranteed under the pilots' CBA.
>
> Excluded from the Proposed Settlement Class are all former or current pilots who previously reached settlements with or judgments against United in their individual USERRA claims or actions concerning inadequate retirement plan contributions for periods of military leave.

3. The law firm of Cohen Milstein Sellers & Toll PLLC (specifically attorneys R. Joseph Barton and Peter Romer-Friedman) is APPOINTED as Lead Class Counsel for the Class.

4. The following law firms are APPOINTED as additional Class Counsel: Law Office of Thomas G. Jarrard PLLC, 1020 N. Washington Street, Spokane, WA 99201; Crotty & Son, PLLC, 421 W. Riverside Ave., Ste. 1005, Spokane, WA 99201; and Robert W. Mitchell, Attorney at Law, PLLC, 901 N. Monroe, Suite 356, Spokane, WA 99201.

5. Plaintiff James Daniel Tuten is APPOINTED as Class Representative;

6. The Settlement Agreement (ECF No. 33) is PRELIMINARILY APPROVED;

7. KCC is APPOINTED the Settlement Administrator and shall execute the duties set forth in the Settlement Agreement, including Sections IX.A & B; and

8. The proposed Notice (ECF No. 35-6) is APPROVED for dissemination to the Class in accordance with the time line and deadlines set forth above; and

9. A final fairness hearing on the Settlement Agreement is SET for May 16, 2014 at 11:00 a.m. in Courtroom A801.

Dated this 31st day of October, 2013.

BY THE COURT:

William J. Martínez
United States District Judge