**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1561-WJM-MEH

JAMES DANIEL TUTEN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

---

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT, MOTION FOR ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES, AND MOTION FOR ORDER APPROVING A SERVICE AWARD FOR CLASS REPRESENTATIVE**

---

On October 31, 2013, the Court entered an Order certifying the Class in this case, appointing Class Counsel and a Settlement Administrator, approving the form of the Notice to the Class, preliminarily approving the proposed Settlement, and setting a final fairness hearing on the Settlement.  (ECF No. 52.)  The Court held a fairness hearing on May 15, 2014.  (ECF No. 70.)  Having considered the arguments raised in the briefs and at the hearing, and for the reasons set forth below, the Court grants the parties' Motion for Final Approval of Settlement Agreement (ECF No. 67), Motion for Attorney Fees and Reimbursement of Expenses (ECF No. 61), and Motion for Order to Approve a Service Award for the Class Representative (ECF No. 60).

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This action was originally filed on June 15, 2012 by James Tuten on behalf of himself and all other pilots that took military leave while working for Defendant United

Airlines ("United") between 2000 and 2010 (the "Class" or "Class Members").  (ECF No. 1.)  The Complaint alleged that United calculated and made pension contributions for pilots on military leave based on the minimum flight hours guaranteed under the pilots' collective bargaining agreement.  (*Id*.)  Plaintiff alleged that this violates the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), which requires that pension contributions be calculated based on the average rate of compensation or flight hours during the 12-month period immediately preceding the military leave.  (*Id*.) Plaintiff sought a declaration that United's policy violated USERRA, and an order requiring United to compensate the Class in the amount of the full pension contributions required by USERRA.  (*Id*.)

Before United filed an answer, the parties sought a stay of this case to pursue settlement negotiations.  (ECF No. 12.)  United volunteered to provide discovery about Class Members, as well as other documents that could facilitate settlement.  (*Id*.)  The Court stayed the case and later administratively closed the action to allow the parties to pursue a joint resolution.  (ECF Nos. 13 & 26.)  The case was reopened on August 9, 2013.  (ECF No. 26.)

On August 14, 2013, the parties filed a Settlement Agreement ("Settlement") (ECF No. 33) and an unopposed Motion for certification of the Class, preliminary approval of the Settlement, and authorization to send notice of the Settlement to the Class (ECF No. 34).  On October 31, 2013, the Court granted the Motion, certifying the Class, appointing Plaintiff's counsel as class counsel ("Class Counsel"), appointing Plaintiff as class representative ("Class Representative"), approving notice to the Class, appointing a Class administrator, and setting a final fairness hearing for May 16, 2014.

(ECF No. 52.)  The hearing was later changed to May 15, 2014, and an amended notice was mailed to the Class.  (ECF No. 62.)

The Settlement is exhaustive, both retrospectively and prospectively, and the Court need not parse all of the details in this Order.  Briefly, the Settlement requires United to create a settlement fund of $6.15 million dollars (the "Settlement Fund"), which will be allocated amongst the Class Members pursuant to an agreed upon damages methodology which relies on the employment data provided by United as to each Class Member.  (ECF No. 33 §§ II.II, VII, VIII.C.)  The Settlement creates a dispute process, whereby a Class Member can challenge this employment data to dispute the amount owed.  (*Id.* § VIII.C.3.)  After each Class Member's eligibility is determined, payments will be made, to the extent possible, into the Class Members' pension accounts in order to preserve favorable tax treatment.  (*Id.* § VIII.F.2.)  Class Counsel estimates that each Class Member will ultimately receive a payment equal or greater than the amount of the underpayment into each Class Member's pension account.  (ECF No. 35 ¶ 18.)

The Settlement also provides non-monetary relief to the Class and future United pilots.  United agrees to change its method for calculating a pilot's defined pension contribution during periods of long-term military leave.  (ECF No. 33 § X.A.)  United also agrees to, for the first time, maintain a written policy setting forth its method of calculation.  (*Id.* § X.B.)  Finally, the Settlement improves communication between United and its pilots, both in advance of military leave and after the pilot returns from military leave.  (*Id.* § X.C-D.)

United agrees to pay the cost of administering the Settlement, and such payment shall not come from the Settlement Fund. (*Id.* § VI.A.2.) The Settlement allows Class Counsel to seek attorneys' fees, expenses, and costs, as well as a service award for James Tuten, the Class Representative, in an amount to be approved by the Court. (*Id.* § XI.) Finally, the Settlement contains a series of procedures that preserves the rights of pilots that are currently on military leave. (*Id.* § VIII.D.)

Notice of the Settlement was mailed to all Class Members in December 2013. (ECF No. 58.) The deadline for any Class Member to object to the Settlement was February 14, 2014; no objections were filed. (ECF No. 55.) The only communication that the Court has received from Class Members were notices from Vincent Alcazar and James Blaisdell that they wish to participate in the Class. (ECF Nos. 59 & 63.)

On January 3, 2014, Plaintiff filed unopposed Motions for approval of a service award for the Class Representative (ECF No. 60) and for the attorneys' fees award contemplated by the Settlement (ECF No. 61). On April 15, 2014, Plaintiff filed an unopposed Motion for Final Approval of Settlement Agreement. (ECF No. 67.) The Court held a fairness hearing on May 15, 2014 during which the parties argued the relative merits of these Motions. (ECF No. 70.) No Class Members appeared at the hearing to object to the fairness of the Settlement, or any of other issues raised in the Motions.

## II. MOTION FOR FINAL APPROVAL OF SETTLEMENT

The settlement of a class action may be approved where the Court finds that the settlement is fair, reasonable, and adequate. *Rutter & Wilbanks Corp. v. Shell Oil*, 314

F.3d 1180, 1186 (10th Cir. 2002). The Court reviews a proposed class action settlement by considering four factors:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993).  The proponent of the settlement has the burden of showing that the settlement is fair.  *Id*. at 1015.  Approval of a proposed settlement is committed to the sound discretion of the trial court.  *Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

With regard to the four factors, the Court finds that the Settlement in this case is the product of arms-length negotiations between experienced counsel.  Before the Settlement was reached, Class Counsel undertook voluntary discovery, negotiated over a methodology for estimating damages, and retained an expert to calculate the damages.  This shows that the Settlement was fairly and honestly negotiated.

The parties have shown that serious questions of law and fact exist, particularly with regard to the applicable statute of limitations.  The Settlement assures that all Class Members will receive a full recovery of the amount of the underpayments made by United, despite the uncertainty of whether Class Members with older claims—those accruing prior to 2008—would have been able to recover *at all* if the case had

proceeded. There was also an issue with regard to the certainty of a pilots' compensation that could have resulted in the entire Class not being entitled to any relief. These significant factual and legal issues weigh heavily in favor of approving the Settlement.

The Court further finds that the value of the Settlement greatly outweighs the possibility of recovery after protracted litigation. On this point, courts have held that the presumption in favor of voluntary settlement agreements

> is especially strong in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation. The strong judicial policy in favor of class action settlement contemplates a circumscribed role for the district courts in settlement review and approval proceedings. This policy also ties into the strong policy favoring the finality of judgments and the termination of litigation. Settlement agreements are to be encouraged because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts. In addition to the conservation of judicial resources, the parties may also gain significantly from avoiding the costs and risks of a lengthy and complex trial.

*Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010). Notably, in this case, Class Counsel estimates that most of the Class will receive 100% of the pension contributions allegedly owed by United. Given this significant financial benefit to the Class, the Court has little difficulty concluding that the presumption in favor of voluntary settlements has been satisfied here.

Finally, both parties have represented their opinions that the Settlement is fair and reasonable. The Court may also consider the fact that no objections were filed by any Class Members. *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990) ("No timely objection was raised by any Class Member to the

proposed settlement, and less than 5% of all Class Members have chosen to opt out. One untimely objection, improper in other regards, was filed and subsequently withdrawn prior to the fairness hearing. No objection was raised at the fairness hearing. The Court gives these factors substantial weight in approving the proposed settlement."). Class Counsel represented to the Court that the feedback they have received was overwhelmingly positive. Thus, this factor weighs heavily in favor of approving the settlement.

As set forth above, the Court finds that each of the four factors weighs in favor of finding that the Settlement is fair, reasonable, and adequate. Even more, the Court is of the view that the results achieved for the Plaintiff class in this case were outstanding, worthy of being emulated by class representatives and counsel in other comparable litigation. Accordingly, the Court fully and finally approves the Settlement for purposes of Rule 23(e).

### III. MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

The Notice mailed to the Class in this case authorized Class Counsel to seek an attorneys' fees award of up to 25% of the Settlement Fund. (ECF No. 33 § XI.A.) In the Motion, Class Counsel requests an attorneys' fees award of 24.7% of the Settlement Fund. (ECF No. 61.)

When considering the appropriateness of an attorneys' fees award, the Court is to consider: (1) the time and labor required by counsel; (2) the novelty and difficulty of the legal question presented; (3) the skill required to represent the Class appropriately; (4) the preclusion of other employment by the Class Counsel due to the acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time

limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of Class Counsel, (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1979) (adopted by the Tenth Circuit in *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)).

The Court finds that the amount of fees requested is reasonable considering the effort expended on this case by Class Counsel, including pre-suit investigation, informal class and merits discovery, retention of an expert to estimate damages, negotiation of the Settlement, and implementation of the Settlement. Counsel estimates that they have already spent in excess of 2,000 hours on the case and, given the provisions in the Settlement applicable to pilots currently on military leave, they will continue to work on this case for years to come. (*See* ECF No. 61-1 ¶¶ 40-45.)

Additionally, Class Counsel has specialized knowledge and experience in USERRA, which facilitated and promoted the settlement of this action. This knowledge and experience supports a large request for attorneys' fees. *See Anderson v. Merit Energy Co.*, 2009 WL 3378526, at *3 (D. Colo. Oct. 20, 2009) (a large attorneys' fee award is reasonable where "Class Counsel's knowledge and experience . . . significantly contributed to a fair and reasonable settlement"). Even without this specialized experience, the Court finds that the rates charged by Class Counsel are reasonable when compared to attorneys in the relevant markets. (*Id*. ¶ 38.)

Class Counsel took the case on a contingent basis, which permits a higher recovery to compensate for the risk of recovering nothing for their work. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (noting that an enhanced fee may be appropriate where counsel took a risk of non-recovery of a fee). This is notable, particularly because this case involved novel legal issues for which recovery was uncertain. Moreover, the time expended by Class Counsel on this case prevented them from working on other matters. (ECF No. 61-1 ¶ 40.)

Though the monetary amount of fees is significant, the percentage of fees requested (24.7% of the Settlement Fund) falls within the norm for these types of cases. *See* Stuart J. Logan *et al.*, *Attorney Fee Awards in Common Fund Class Actions*, 24 Class Action Rep. 167, 167 (2003) (reporting that the median award of attorney fees was 31.6% based on a survey of 1,200 class action settlements); *Nilson v. York Cty.*, 400 F. Supp. 2d 266, 281 (D. Me. 2005) (collecting cases and finding that the median for attorneys' fees awards in class action settlements was around 27%). In another class action brought under USERRA, the court approved an attorneys' fee of one-third of the overall Settlement Fund, which is significantly higher than that sought here. *See Becher v. Long Island Lighting Co.*, 64 F. Supp. 2d 174, 182 (E.D.N.Y. 1999). Finally, Class Counsel estimates that the number of hours ultimately expended by counsel will result in a lodestar multiplier at or below 2, which is reasonable compared with other cases of similar size and result. *See Miniscribe Corp. v. Harris Trust Co. of Cal.*, 309 F.3d 1234, 1245 (10th Cir. 2002) (affirming fee award based on a lodestar multiplier of 2.57 in class action).

Significantly, counsel estimates that most Class Members will receive all or nearly all of the pension contributions to which they are entitled, despite the payment of attorneys' fees from the Settlement Fund. (*See* ECF No. 61-1 ¶ 31.) This is an outstanding result for the Class, and weighs very heavily in favor of approving the amount of fees requested. *See In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 630 (D. Colo. 1976) (noting that "the amount of recovery, and end result achieved are of primary importance" when considering what constitutes a reasonable attorney fee).

Having considered the applicable *Johnson* factors, the Court finds that the amount of fees requested by Class Counsel is reasonable. The Court similarly finds that Class Counsel's incurred expenses are reasonable, and that Class Counsel is entitled to recover its expenditures. *See Vaszlavik v. Storage Tech. Corp.*, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000) ("[A]n attorney who creates or preserves a common fund for the benefit of the class is entitled to receive reimbursement of all reasonable costs incurred."). Accordingly, the Motion for Attorneys' Fees and Reimbursement of Expenses is granted.

## IV. MOTION FOR ORDER APPROVING AWARD FOR CLASS REPRESENTATIVE

Class Counsel seeks a service award of $15,000 for Class Representative James Tuten. (ECF No. 60.)

A class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class. *UFCW Local 880-Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.*, 352 F. App'x 232, 235-36 (10th Cir. 2009). When considering the appropriateness of an award for class

representation, the Court should consider: (1) the actions the class representative took to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). "Incentive awards . . . are within the discretion of the court ." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005).

Class Representative James Tuten seeks a service award of $15,000 in this case. (ECF No. 60 at 5.) The Court finds this amount is reasonable, given Mr. Tuten's participation in the case, the hours he expended working with counsel and participating in discovery, and his consultation with other Class Members throughout these proceedings. (*See* ECF No. 60-1 ¶¶ 7-12.) The amount requested falls in line with service awards in similar cases. *See Torres v. Gristede's Operating Corp.*, 2010 WL 5507892, at *7 (S.D.N.Y. Dec. 21, 2010) (approving service of $15,000 for each of fifteen named plaintiffs).

Notably, Mr. Tuten brought this suit against his long-time employer, who he was working for when this action was initiated, and for whom he still works. (*Id*. ¶ 13.) This shows Mr. Tuten's commitment to the case and the risk he took pursuing this litigation, which warrants a significant award in this case. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (noting that service awards are especially appropriate in employment litigation where "the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the

employer or co-workers."); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded.").

Thus, the Court finds that the requested service award of $15,000 is reasonable and grants the Motion for Order to Approve Service Award for Class Representative.

## V. CONCLUSION

For the reasons set forth above, the Court FINDS as follows:

1. The Court has jurisdiction over the subject matter of the Action, Plaintiff, all Class Members, and the Defendant.

2. The prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(1) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claim of the Class Representative is typical of the claims of the Class he seeks to represent; (d) the Class Representative has and will fairly and adequately represent the interests of the Class; and (e) prosecuting separate actions by or against individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the party opposing the class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally CERTIFIES Plaintiff James Daniel Tuten as Class Representative and finally certifies this Action as a class action on behalf of:

    (1)    all former or current pilots employed by United who were participants in the Pilots Directed Account Plan ("PDAP") between January 1, 2000 and October 31, 2010; and

    (2)    who were on a Long Term Military Leave that began and ended between January 1, 2000 and October 31, 2010; and

    (3)    on whose behalf United made defined contribution retirement plan contributions based on the monthly minimum flight hours guaranteed under the pilots' collective bargaining agreement ("CBA"); and

    (4)    whose average flight hours during the 12-month period that immediately preceded a period of Long Term Military Leave (or, if shorter than 12 months, the period of employment immediately preceding such period of military leave) exceeded the monthly minimum flight hours guaranteed under the pilots' CBA.

Excluded from the Settlement Class are all former or current pilots who previously reached settlements with or judgments against United in their individual USERRA claims or actions concerning inadequate retirement plan contributions for periods of military leave.

4.     The Settlement was attained following an extensive investigation of the facts and the law. The Settlement resulted from vigorous arms-length negotiations, which were undertaken in good faith by counsel with significant experience litigating civil rights and employee benefits class actions. Serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt. The value of the recovery outweighs the mere possibility of future relief after protracted and

      expensive litigation. The parties have judged the Settlement to be fair and reasonable. Not a single Class Member has objected to the Settlement Agreement or expressed any concern about the Settlement Agreement.

5. Notice of the Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances.

6. The Settlement Agreement, including the proposed Plan of Allocation, is fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure.

Based on these findings, and in accordance with the analysis set forth above, the Court ORDERS as follows:

1. The Motion for Final Approval of Settlement (ECF No. 67) is GRANTED;

2. The Settlement Agreement (ECF No. 33) is fully and finally APPROVED;

3. Class Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (ECF No. 61) is GRANTED;

4. The Court awards Class Counsel attorneys' fees in the amount of 24.7% of the Settlement Fund as of the date of this Order;

5. Class Counsel is AWARDED $249,230.60 as reimbursement for expenses incurred in prosecuting this action;

6. Plaintiff's Motion for Order to Approve a Service Award for the Class Representative (ECF No. 60) is GRANTED;

7. Plaintiff James Tuten is AWARDED $15,000 as the service award for being class representative;

8. Without affecting the finality of this Judgment and Final Order in any way, this Court hereby retains continuing jurisdiction for a period of six years from the Final Approval Date, or until one year after all Non-Responding Class Members have completed their last period of "military service" (as defined by the Service Members Civil Relief Act) any portion of which occurred between the Notice Mailing Date and the Final Approval Date, whichever is earlier, for the limited purposes set forth in Section XIII of the Settlement Agreement;

9. Continuing jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the terms of the Settlement Agreement, including the administration, interpretation, effectuation or enforcement of the Settlement embodied in the Settlement Agreement and this Order and Final Judgment; and

10. Under Rule 54(a) and (b) of the Federal Rules of Civil Procedure, this Order and constitutes final adjudication on the merits. Accordingly, the Clerk of the Court is directed to enter this Judgment forthwith.

Dated this 19th day of May, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge